**In re TRANS AIR, INC., f/k/a Trans Island Airways, Inc., Debtor.**

**CHASE MANHATTAN BANK, N.A., Plaintiff,**

v.

**Janice Lee DENT, A.I.M. Investment Corp., and Trans Air, Inc., Defendants.**

Bankruptcy No. 86–02525–BKC–SMW.
Adv. No. 86–0609–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 24, 1987.

Arthur Neiwirth, Fort Lauderdale, Fla., for trustee.

William Stalions, Fort Lauderdale, Fla., for James Dent.

**ORDER PARTIALLY GRANTING MOTION FOR ADDITIONAL FINDINGS OF FACT, FOR AMENDMENT OR ALTERATION OF JUDGMENT OR IN THE ALTERNATIVE, FOR NEW TRIAL**

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court on November 4, 1987 on a Motion For Additional Findings of Fact, For Amendment or Alteration of Judgment or in the Alternative, For New Trial and with the Court being fully advised in the premises, makes the following clarifications:

Janice Dent moves this Court for a determination that the actual transfer of money occurred on May 6, 1986 when the assignment was perfected and the transfer was completed rather than on January 11, 1986 when she executed the assignment. Dent argues that if the later date is the date of the actual transfer, then she was no longer an insider of the debtor under 11 U.S.C. § 101(30)(B)(vi) and the transfer cannot be avoided under 11 U.S.C. § 547.

It may be true that if the entire assignment transaction occurred on May 6, 1986 then Dent's argument would have merit. However, even if Dent is correct and she could not have initially been classified an insider when the assignment was perfected and the transfer completed, she was an insider when the assignment was initiated and the documents were executed. *DeRosa v. Buildex Incorp. and Instrument Systems Corp. (In re F & S Central Manufacturing Corp.)*, 53 B.R. 842, 13 B.C.D. 823 (Bankr.E.D.N.Y.1985). *See also Kleinfeld v. University State Bank (In re Davenport)* 64 B.R. 411, 414 (Bankr.M.D.Fla. 1986) and *Pirrone v. Toboroff (In re Vaniman Intern., Inc.)*, 22 B.R. 166, 189 (Bankr.E.D.N.Y.1982). Dent would have this Court allow insiders to escape the avoidance provisions of 11 U.S.C. § 547 merely by delaying the date the debtor actually transfers its property. Such a result is not required by the statute. Instead, this Court adopts the reasoning found in the *DeRosa* case and finds that "a creditor who is an insider at the time the transfer of the debtor's property is arranged is an insider at the time of the transfer." *DeRosa*, 53 B.R. 842, 13 B.C.D. at 826.

Dent executed the assignment documents on January 11, 1986 when she was an insider thereby concluding the arrangements to transfer the money from the debt-

or to herself. The determination of her insider status became fixed, with regard to this particular transaction, at the point of execution, not at the subsequent perfection date.

Based on the foregoing it is:

ORDERED AND ADJUDGED the Motion for Additional Findings of Fact is granted to the extent of the above stated findings. The Motion for Amendments or Alteration of Judgment or in the Alternative For New Trial is denied.